UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
  Esmeralda Cordea,

                      Plaintiff(s),                    Case No. 20-civ-1137

             -against-                            **COMPLAINT**

City of New York, New York City Police Department
Kings County District Attorney's Office and Detective
Ronald Pereira,

                      Defendant(s),
-----------------------------------------------------------------X

      Plaintiff Esmeralda Cordea, by her attorneys, SLATER, SGARLATO, & CAPPELLO, P.C., complaining of the Defendants, respectfully alleges, upon information and belief, as follows:

## PRELIMINARY STATEMENT

      1.      Plaintiff brings this action seeking to recover damages for false arrest, false imprisonment, malicious prosecution and violations of her civil rights under the United States Constitution. The Plaintiff brings this action against all Defendants pursuant to 42 U.S.C. § 1983 and 1988, the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution, and under the common law of the State of New York against the City of New York, the New York City Police Department and the Kings County District Attorney's Office to redress the deprivation under color of law of Plaintiffs rights, privileges and immunities secured by the Constitution of the United States. Plaintiff seeks money damages to redress and remedy the deprivations of her constitutional rights. In addition, Plaintiff invokes the pendant jurisdiction of this Court over related, ancillary and pendent state law claims. Plaintiff seeks an award of attorney 's fees and costs pursuant to 42 U.S.C. § 1988 and pursuant to any other laws that apply.

1

At the time of the commencement of this action, Esmeralda Cordea, was and still is a resident of the State of New York, County of Kings, City and State of New York.

## JURISDICTION

2.   This Court has proper subject matter jurisdiction over this action. The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331.

## VENUE

3.   Venue is proper under 28 U.S.C. § 1391(b) (2).

## PARTIES

4.   The plaintiff, Esmeralda Cordea, is and was at all times relevant herein a resident of Kings County, in the City and State of New York.

5.   The defendant, City of New York (hereinafter "City") was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including, but not limited to, the defendant, New York City Police Department (hereinafter "NYPD"), and their employees and the defendant Kings County District Attorney's Office (hereinafter "District Attorney's Office"), and their employees.

6.   At all times mentioned herein, the defendant, NYPD, was and is a subdivision subject to the control of the City, organized and existing under and by virtue of the law of the City and the State of New York. the City and the NYPD have, jointly and severally, a constitutional and statutory responsibility for the conditions at the NYPD and are jointly and severally responsible for ensuring that the operations of the NYPD and its representatives are in conformity with constitutional requisites.

7. The City and the NYPD are jointly and severally responsible for ensuring that the NYPD police officers, special patrolmen, and peace officers specifically those Defendants named and referenced herein, obey the regulations of the NYPD, and the City, the ordinances and laws of the City, and the laws and the Constitutions of the State of New York and the United States of America.

8. At all times mentioned herein, Defendant the City is and was responsible for the policies, practices and customs of the NYPD, including but not limited to the receipt and/or lodging and/or holding of suspects within NYPD facilities and precincts.

9. At all times mentioned herein, Defendant the City is and was responsible for the hiring, training, supervision, retention, control and discipline of the NYPD and its officers.

10. At all times mentioned herein, Defendant the City is and was responsible for the operation, practices, and totality of conditions of the NYPD.

11. At all times mentioned herein, the defendant, District Attorney's Office, was and is a subdivision subject to the control of CITY, organized and existing under and by virtue of the law of the City and the State of New York. the City and the District Attorney's Office have, jointly and severally, a constitutional and statutory responsibility for the conditions at the District Attorney's Office and are jointly and severally responsible for ensuring that the operations of the District Attorney's Office and its representatives are in conformity with constitutional requisites.

12. The City and the District Attorney's Office are jointly and severally responsible for ensuring that the District Attorney's Office police officers, special patrolmen, and peace officers specifically those Defendants named and referenced herein, obey the regulations of the District Attorney's Office, and the City, the ordinances and laws of the City, and the laws and the Constitutions of the State of New York and the United States of America.

13. At all times mentioned herein, Defendant the City is and was responsible for the policies, practices and customs of the Kings County District Attorney's Office, including but not limited to the prosecution of criminal cases within Kings County.

14. At all times mentioned herein, Defendant the City is and was responsible for the hiring, training, supervision, retention of the Kings County District Attorney's Office and its prosecuting attorneys.

15. At all times mentioned herein, Defendant the City is and was responsible for the operation, practices of the Kings County District Attorney's Office.

16. That at all relevant times herein, the defendant, Detective Ronald Pereira was and is an employee or agent of the NYPD and by extension an employee or agent of the City, carrying shield number Shield Number 1978 and assigned to the 288 Command.

## **NOTICE OF CLAIM AND CONDITION PRECEDENT TO COMMENCEMENT**

17. On or about July 9, 2019 a Notice of Claim was served upon the defendants, City of New York, New York City Police Department and Kings County District Attorney's Office.

18. On or about September 13, 2019, the municipal defendants herein held a 50-h hearing.

19. That at least 30 days have elapsed since the filing of the aforementioned Notice of Claim.

## **FACTS**

20. The plaintiff herein, Esmeralda Cordea, was arrested on August 28, 2018 on the charges of harassment in the first degree (Penal Law § 240.25), harassment in the second degree

(Penal Law § 240.26 (3), and two counts of stalking in the fourth degree (Penal Law § 120.45 (1), (2)). (Hereinafter collectively referred to as the "Charges.")

21. The plaintiff had learned that the defendant NYPD wanted to speak with her on approximately August 18, 2018 when the defendant, Detective Ronald Pereira, knocked on the door of her Brooklyn residence and asked to make an appointment to speak with her.

22. After retaining an attorney, the plaintiff—through counsel—negotiated a date for her surrender for allegations that remained unclear until the date of her arraignment.

23. On August 28, 2018, at approximately 4:15 P.M., the plaintiff surrendered to the defendant, New York City Police Department.

24. From approximately 4:15 P.M on August 28, 2018, until between 11:00 A.M. and 12:00 P.M on August 29, 2018, the plaintiff remained incarcerated within the custody of the defendants, herein.

25. The aforementioned Charges with which the plaintiff was charged were minor, non-violent offenses. The plaintiff had no prior criminal record. The plaintiff maintained longstanding and significant ties to the community. Notwithstanding the aforementioned, the defendant, New York City Police Department, insisted upon arresting and detaining the plaintiff on the aforementioned non-violent charges.

26. Following the arrest, upon information and belief, the plaintiff was detained by defendants herein, New York City Police Department, for approximately 19 hours, where she was housed with drug addicts, violent offenders and repeat offenders.

27. Approximately between the hours of 11:00 A.M. and 12:00 P.M. the plaintiff was arraigned by the Court and released on her own recognizance.

28. During the arraignment, the complaint drafted by the arresting officer, Detective Ronald Pereira, was revealed to the plaintiff. The true unconstitutional nature of the charges became apparent by the complaint.

29. The sum and substance of the defendant, District Attorney's Office's complaint, was that the plaintiff sent several emails between June 20, 2018 and July 27, 2018 to the complaining witness, Nicole Shyti, made "numerous, unwanted email messages from an email address recognized to be the plaintiff's; that plaintiff communicated in various mediums with the complaining witness; that plaintiff continued contacting the complaining witness; and that the contact culminated with one incident outside of the complaining witness's residence, where the plaintiff was alleged to have shouted "come down and face me, I can't promise I will control myself."

30. The plaintiff was released from the defendant's custody on her own recognizance shortly following her arraignment on August 29, 2018, at approximately 12:00 P.M. An interim order of protection against the plaintiff was instituted. She was ordered to appear again on or about October 11, 2018.

31. On or about September 22, 2018, the plaintiff—through her attorney—advised the defendant, District Attorney's Office, that the plaintiff had never used the email address contained as an allegation in the complaint and charging documents.

32. On or about October 1, 2018—through her attorney—the plaintiff subpoenaed Oath, Inc., the records custodian and/or parent company of Yahoo!, for any and all records related to the email address that served as a significant basis for the Charges brought by the defendant, District Attorney's Office. Specifically, "egcordea@yahoo.com."

33. On December 18, 2018 the plaintiff received the results and immediately shared the results of the aforementioned October 1, 2018 Subpoena to Oath, Inc. with the defendant,

District Attorney's Office, by email to Coby Ballard, Esq. The results of the subpoena were also shared with the defendant, District Attorney's Office on December 19, 2018 during a scheduled appearance.

34. The plaintiff appeared throughout the pendency of the case on or about August 29, 2018, October 11, 2018, December 19, 2018, January 18, 2019, February 27, 2019, March 22, 2019 and May 3, 2019, each appearance requiring time taken off from her employment.

35. During multiple appearances the plaintiff, through her attorney, sought outright dismissal of the charges, citing *inter alia* the constitutionality of the charges, the sordid history and credibility of the complaining witness, the fact that the email that served as the basis for some of the complaint was demonstrated to not be a valid account as the evidence indicated. Indeed, the complaint was more conclusory and if the charges were not dismissed then the appropriate motion would be filed.

36. On or about January 18, 2019, the plaintiff—through her attorneys—filed a motion pursuant to CPL § 100.40, dismissing the complaint against the plaintiff as defective for facial insufficiency; or in the alternative pursuant to CPL § 170.40, dismissing the complaint against the plaintiff in the best interest of justice.

37. The plaintiff argued in the aforementioned motion to dismiss that the contacts cited in the complaint concerned constitutionally protected speech; and the defendants herein failed to provide non-hearsay evidence to establish any of the charges making them facially insufficient. The plaintiff further argued that based upon the complaining witness's history of violence toward the plaintiff's family, the threats the complaining witness made before that she would manufacture charges and thereby weaponize the judicial system against the plaintiff's family members as well as the subpoena response from Oath, Inc. where the defendants herein

had relied upon alleged emails from an account of which the email provider had no record necessitated the dismissal of all charges in the best interest of justice.

38. Faced with plaintiff's arguments on the facial sufficiency of the non-hearsay evidence provided in support of the Charges by the defendants herein, inclusive of violating the plaintiff's protected speech under the First Amendment of the Constitution of the United States of America, as well as the significant evidentiary problems of their case the defendants herein chose to continue their dogged prosecution of the Charges.

39. The defendants opposed the plaintiff's motion on or about February 17, 2019.

40. On or about May 3, 2019, more than eight months after her arrest on August 28, 2018, following several appearances, the Court agreed with the plaintiff, and dismissed all charges against the plaintiff for facial insufficiency.

41. Because of the decision to dismiss all charges on the grounds of the facial insufficiency of the information, the Court did not address the plaintiff's argument that the Charges warranted dismissal in the best interest of justice, as the decision on facial sufficiency rendered that issue moot.

42. The Order of the Honorable Judge Michael D. Kitsis attacked elements of all offenses. Specifically, the Court held that the defendants, District Attorney's Office and NYPD, "have provided no facts whatsoever to show that the [plaintiff's] conduct served no legitimate purpose."

43. The May 3, 2019 Order of the Court held that the information used by the defendants to bring the Charges against the plaintiff "[did] not provide any facts regarding the complainant's psychological or emotional well-being or any material harm" caused by the plaintiff's conduct.

44. The May 3, 2019 Order of the Court, citing to the First Amendment of the Constitution of the United States of America, held that the "statements allegedly made by the [plaintiff] were too ambiguous and lacked the immediacy of a threat which would put a reasonable person in fear of physical injury."

45. The May 3, 2019 Order held that "[t]he statements 'I can't promise I will control myself' and 'I can't promise I won't react if I see you in person', are too ambiguous to create a sense of uncertainty and danger or to constitute a threat."

46. The Court noted the defendants' selective omission of the remainder of those statements allegedly made by the plaintiff in its analysis of the First Amendment implications to charging the plaintiff as the defendants herein chose. Specifically, the Court stated: "In fact, a more complete version of the defendant's latter statement to the complainant as cited in the complaint is: 'I can't promise I won't react if I see you in person, so I'd like you to stay away. I am done emailing and texting you and your dad if you give me answers.' This statement, rather than convey an intent to physically harm the complainant, conveys an intent to avoid a physical altercation. Furthermore, both statements fail to convey sufficient immediacy to reasonably provoke fear and alarm in the listener."

47. Following the dismissal, the charges on May 3, 2018, the defendants herein have not amended nor refiled the information. Nor have the defendants herein submitted further documentary or testimonial evidence to the Court. Nor have the defendants herein appealed the Court's May 3, 2018 Decision and Order.

**AS TO AND FOR THE FIRST CAUSE OF ACTION FOR WRONGFUL AND ARREST/FALSE IMPRISONMENT AGAINST THE DEFENDANTS CITY OF NEW YORK, NYPD AND DETECTIVE RONALD PEREIRA**

48. The plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs marked "1" through "47" with the same force and effect as if more fully and at length set forth herein.

49. That beginning on or about the date of incident at or near the location of incident, the City and Defendant-officers intentionally restrained, and imprisoned the plaintiff, without any just cause, and held her against her will until she was released following arraignment on August 29, 2018.

50. That the plaintiff was falsely imprisoned and remained imprisoned while transported in police vehicles and held in confinement.

51. That said imprisonment was caused by the City, the NYPD and Detective Ronald Pereira, without any warrant or other legal process and without authority of the law and without any reasonable grounds, or cause to believe that the plaintiff was guilty of any crimes, or that the City, the NYPD or Detective Pereira had just cause to imprison the plaintiff.

52. Plaintiff was wholly innocent of any crime and did not contribute in any way or manner to her imprisonment by the City, the NYPD and Detective Ronald Pereira, and was forced to submit to the aforesaid imprisonment entirely against her will.

53. That the City, the NYPD and Detective Ronald Pereira, as set forth above, intended to confine Plaintiff; Plaintiff was conscious of the confinement; the plaintiff did not consent to the confinement; and the confinement was not otherwise privileged.

54. That by reason of the aforesaid false imprisonment and detention of the plaintiff, her freedom was restricted, she was subjected to great indignity, humiliation, pain and great distress of mind and body.

55.     That by reason of the aforesaid, the plaintiff has been damaged in a sum exceeding the jurisdictional limits of the lower courts.

### AS TO AND FOR THE SECOND CAUSE OF ACTION FOR FOR VIOLATION OF PERSONAL CONSTITUTIONAL RIGHTS UNDER 42 U.S.C. § 1983 AGAINST THE DEFENDANTS CITY OF NEW YORK, NYPD AND DETECTIVE RONALD PEREIRA

56.     The plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs marked "1" through "55" with the same force and effect as if more fully and at length set forth herein.

57.     That on the date of incident and at the location of incident, the City, the NYPD and Detective Ronald Pereira were present as part of their regular and official employment as police officers for the City and were acting under the color of law and within the scope of their employment.

58.     That the City and NYPD caused, developed, maintained, and/or created a policy and/or procedure and/or custom and/or practice, or decision of a final policymaker, and acted with deliberate indifference to patterns and/or police practices violating constitutional rights of its citizens, which caused the violations of the plaintiff's rights, including the improper holding, imprisoning, and/or detaining individuals without probable cause and justification.

59.     That the City and Defendant-officers on the date of incident performed their duties under the color of the policies, statutes, ordinances, rules, and regulations of the City.

60.     That the plaintiff did not commit any illegal act, either before or at the time she was falsely imprisoned and deprived of her constitutional rights as set forth in the Constitution of the United States, particularly 42 U.S.C. § 1983 and the Constitution of the State of New York.

61. That the unlawful and illegal conduct the City, the NYPD and Detective Ronald Pereira deprived Plaintiff of the following rights, privileges, and immunities secured to her by the Constitution of the United States and of the State of New York. Specifically, the right of Plaintiff to be secure in her person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments to the Constitution of the United States; the right of the plaintiff not to be deprived of life, liberty, or property without due process of law, and the right to the equal protection of the laws secured by the Fourteenth Amendment to the Constitution of the United States; the right to have freedom of speech; the right to be free from cruel and unusual punishment to include wrongful incarceration; and the right to due process of law.

62. That by reason of the aforesaid violations committed by the City, the NYPD and Detective Ronald Pereira against the plaintiff – false imprisonment and wrongful arrest without probable cause and using protected speech under the First Amendment of the Constitution of the United States as a basis to wrongfully arrest and imprison the plaintiff, the City, the NYPD and Detective Ronald Pereira violated the plaintiff's rights and privileges as provided to her in the Constitution of the United States of America and the Constitution of the State of New York, and laws thereto. The City, the NYPD and Detective Ronald Pereira, through a policy of deliberate indifference, violated 42 U.S.C. § 1983.

63. That as a proximate result of the defendants City, the NYPD and Detective Ronald Pereira, actions the plaintiff was subjected to great indignities and humiliation, and pain and distress of mind and body.

64. That by reason of the aforesaid, the plaintiff was injured in mind and body, still suffers, and upon information and belief will continue to suffer great physical and mental pain.

65. That by reason of the aforesaid, the plaintiff has been damaged in a sum exceeding the jurisdiction of the lower courts and seeks compensatory damages, plus punitive damages, costs, attorney's fees, expert fees, as set forth and provided by 42 § U.S.C. 1988, and such other relief as the court may deem just and proper.

**AS TO AND FOR THE THIRD CAUSE OF ACTION FOR MALICIOUS PROSECUTION AGAINST THE DEFENDANTS CITY OF NEW YORK, NYPD AND KINGS COUNTY DISTRICT ATTORNEY'S OFFICE AND DETECTIVE RONALD PEREIRA**

66. The plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs marked "1" through "65" with the same force and effect as if more fully and at length set forth herein.

67. The City of New York, the NYPD, the District Attorney's Office and Detective Pereira initiated a criminal proceeding against the plaintiff in that they drafted and/or provided information and/or submitted criminal complaint against the plaintiff.

68. The criminal action against the plaintiff terminated in the plaintiff's favor. The City of New York, the NYPD and Detective Pereira. lacked probable cause to commence a criminal proceeding against the plaintiff.

69. The City of New York, the NYPD and Detective Pereira commenced and/or brought the criminal proceeding out of actual malice against the plaintiff.

70. These actions fall within one or more of the exceptions set forth in CPLR 1602.

71. That the within causes of action is not subject to the limitations set forth in CPLR section 1602.

72. That beginning on or about the date of incident at or near the location of incident, the City and Defendant-officers intentionally restrained, and imprisoned the plaintiff, without

**WHEREFORE**, plaintiff demands judgment as follows: the plaintiff prays for relief as follows: (1) that the Court determine and enter judgment declaring that the acts and omissions of the Defendants, as set forth above, violate the rights secured to Plaintiff by Constitution of the State of New York as well as the Constitution of the United States of America; (2) that the Court award compensatory damages to the Plaintiff; (3) that the Court award punitive damages to the plaintiff; (4) that the Defendants be required to pay the legal costs, attorney 's fees and expenses in this action; and (5) that the Court grant such further and additional relief as is appropriate.

Dated: Staten Island, New York
      March 2, 2020           **SLATER, SGARLATO & CAPPELLO, P.C.**

                                                By: Shaun Gregory White (SW 7495)
                                                1298 Victory Boulevard
                                                Staten Island, New York 10301
                                                (718)-448-6400
                                                swhite@sscpclaw.com
                                                File No. 5394

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK                    Civil Case No. 20-civ-1137
================================================================
Esmeralda Cordea,

        Plaintiff(s),

    -against-

City of New York, New York City Police Department, Kings County District Attorney's Office and Detective Ronald Pereira,

        Defendant(s),
================================================================

**SUMMONS AND COMPLAINT**

================================================================
SLATER, SGARLATO & CAPPELLO, P.C.
Attorneys for Plaintiff(s)
Office & P.O. Address
1298 Victory Boulevard
Staten Island, New York 10301
(718) 448-6400
================================================================
To:                                    Service of a copy of the within
is hereby admitted.

Dated:_____20____
Attorney(s) for
================================================================
PLEASE TAKE NOTICE:

[] NOTICE OF ENTRY
that the within is a (certified) true copy of a duly entered in the office of the clerk of the within named court on
20     .

[] NOTICE OF SETTLEMENT
that an order of which the within is a true copy will be presented for settlement to the HON. one of the judges of the within named Court, at                          on
20     at     M.

Dated                              Yours, etc.
                                        **SLATER, SGARLATO & CAPPELLO, P.C.**