20-CV-1137 (BMC)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Esmeralda Cordea,

Plaintiff,

-against-

City of New York, New York City Police Department
Kings County District Attorney's Office and Detective
Ronald Pereira,

Defendants.

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULE 12(B)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE

*JAMES E. JOHNSON*
*Corporation Counsel of the City of New York*
*Attorney for Defendants City, NYPD, KCDA,*
*and Pereira*
*100 Church Street*
*New York, New York 10007*

*Of Counsel: W. KeAupuni Akina*
*Tel: (212) 356-2377*
*Matter No.: 2020-021666*

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ........................................................................................... ii

PRELIMINARY STATEMENT ...................................................................................... 1

STATEMENT OF FACTS .............................................................................................. 1

PROCEDURAL HISTORY............................................................................................. 3

STANDARD OF REVIEW ............................................................................................. 3

ARGUMENT .................................................................................................................. 5

POINT I ................................................................................................................5

THE NYPD IS NOT A SUABLE ENTITTY ...........................................5

POINT II ..............................................................................................................6

PLAINTIFF'S SEARCH AND SEIZURE AND
FALSE ARREST CLAIMS FAIL BECAUSE
THERE WAS PROBABLE CAUSE FOR
PLAINTIFF'S ARREST..........................................................................6

A. Det. Pereira Had Probable Cause to Arrest
Plaintiff ..........................................................................................8

B. The Criminal Court's Decision Does Not
Defeat Probable Cause ...................................................................9

C. Det. Pereira is Entitled to Qualified Immunity...................................11

D. Plaintiff's State Law False Imprisonment
Claim is Barred by the Statute of Limitations ...................................13

POINT III...........................................................................................................13

PLAINTIFF'S § 1983 FREEDOM OF SPEECH
CLAIM FAILS AS A MATTER OF LAW .............................................13

POINT IV............................................................................................................15

PLAINTIFF'S STATE LAW MALICIOUS
PROSECUTION CLAIM FAILS BECAUSE

PROBABLE CAUSE DID NOT DISSIPATE AND BECAUSE THERE WAS NO FAVORABLE TERMINATION OF CRIMINAL PROCEEDINGS ................................15

    A.  Plaintiff's Prosecution Did Not Result in a Favorable Termination ........................................................16

    B.  Probable Cause Did Not Dissipate ...............................17

    C.  Plaintiff Fails to Allege Actual Malice...........................18

    D.  KCDA is Immune From Suit and is a Non-Suable Entity ...................................................................19

POINT V ...............................................................................................19

PLAINTIFF'S § 1983 MUNICIPAL LIABILITY CLAIM FAILS AS A MATTER OF LAW ................................19

POINT VI...............................................................................................22

PLAINTIFF'S § 1983 DUE PROCESS CLAIM FAILS BECAUSE IT IS SUBSUMED BY HER FOURTH AMENDMENT CLAIMS ........................................22

POINT VII .............................................................................................23

PLAINTIFF'S § 1983 EQUAL PROTECTION CLAIM IS INSUFFICIENTLY PLED AS A MATTER OF LAW ......................................................................23

POINT VIII ............................................................................................23

PLAINTIFF'S § 1983 CRUEL AND UNUSUAL PUNISHMENT CLAIM FAILS BECAUSE SHE WAS NOT A CONVICTED PRISONER .................................23

CONCLUSION....................................................................................... 25

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

Abdul-Rahman v. The City of New York,
No. 10-CV-2778 (ILG), 2012 U.S. Dist. LEXIS 45653 (E.D.N.Y. Mar. 27, 2012) ...........................................................................................................................4

Albright v. Oliver,
510 U.S. 266 (1994) ........................................................................................................22

In re Aluminum Warehousing Antitrust Litig.,
833 F.3d 151 (2d Cir. 2016) .............................................................................................4

Alvarez v. County of Orange,
95 F. Supp. 3d 385 (S.D.N.Y. 2015) .................................................................................5

Anderson v. Recore,
317 F.3d 194 (2d Cir. 2003) ...........................................................................................15

Arum v. Miller,
331 F. Supp. 2d 99 (E.D.N.Y. 2004) ..............................................................................19

Ashcroft v. al-Kidd,
563 U.S. 731 (2011) ........................................................................................................11

Ashcroft v. Iqbal,
556 U.S. 662 (2009) ..........................................................................................................4

Barreto v. County of Suffolk,
455 Fed. Appx. 74 (2d Cir. 2012) ...................................................................................19

Barrett v. United States,
798 F.2d 565 (2d Cir. 1986) ...........................................................................................19

Bartels v. Inv. Vill. of Lloyd Harbor,
97 F. Supp. 3d 198 (E.D.N.Y. 2015) ..............................................................................23

Bell Atl. Corp. v. Twombly,
550 U.S. 544 (2007) ..........................................................................................................4

Bernard v. United States,
25 F.3d 98 (2d Cir. 1994) .................................................................................................6

Best v. New York City Dep't of Corr.,
14 F. Supp. 3d 341 (S.D.N.Y. 2014) ..............................................................................24

Bolden v. County of Sullivan,
   523 Fed. Appx. 832 (2d Cir. 2013)........................................................20

Boyd v. City of New York,
   336 F.3d 72 (2d Cir. 2003).................................................................6

Breen v. Garrison,
   169 F.3d 152 (2d Cir. 1999)..............................................................16

Broughton v. State,
   37 N.Y.2d 451, cert. denied, 423 U.S. 929 (1975) ...............................16

Canessa v. County of Suffolk,
   No. 09-CV-3256 (ADS) (ETB), 2010 U.S. Dist. LEXIS 35905 (E.D.N.Y. Apr.
   10, 2010) ...................................................................................13

Cantalino v. Danner,
   96 N.Y.2d 391 (2001) ....................................................................16

Carson v. Lewis,
   35 F. Supp. 2d 250 (E.D.N.Y. 1999) ..................................................17

Carthen v. Gonzalez,
   No. 19-CV-6392 (BMC), 2020 U.S. Dist. LEXIS 11564 (E.D.N.Y. Jan. 22,
   2020) .......................................................................................19

Chambers v. Time Warner, Inc.,
   282 F.3d 147 (2d Cir. 2002).............................................................4

Chevalier v. City of New York,
   No. 18 Civ. 5048 (CS), 2020 U.S. Dist. LEXIS 67854 (S.D.N.Y. Apr. 16,
   2020) ..............................................................................5, 7, 8, 11

City of Canton v. Harris,
   489 U.S. 378 (1989).....................................................................20

City of Oklahoma City v. Tuttle,
   471 U.S. 808 (1985).................................................................20, 21

City of St. Louis v. Praprotnik,
   485 U.S. 112 (1988).....................................................................20

Claudio v. Sawyer,
   675 F. Supp. 2d 403 (S.D.N.Y. 2009).................................................20

Cooper v. City of New York,
   No. 13-CV-7590 (PKC), 2014 U.S. Dist. LEXIS 148107 (S.D.N.Y. Oct. 16,
   2014) .......................................................................................25

Corley v. City of New York,
  No. 14-CV-3202 (GHW), 2015 U.S Dist. LEXIS 135362 (S.D.N.Y. Sept. 30,
  2015) ....................................................................................................................................24

Corsini v. Bloomberg,
  26 F. Supp. 3d 230 (S.D.N.Y. 2014)....................................................................................7

Cuoco v. Moritsugu,
  222 F.3d 99 (2d Cir. 2000)..............................................................................................5, 24

Darnell v. Pineiro,
  849 F.3d 17 (2d Cir. 2017)...................................................................................................24

Davis v. City of New York,
  373 F. Supp. 2d 322 (S.D.N.Y. 2015).................................................................................9

Davis v. County of Nassau,
  355 F. Supp. 2d 668 (E.D.N.Y. 2005) ...............................................................................21

Dayton v. City of Middletown,
  786 F. Supp. 2d 809 (S.D.N.Y. 2011)...............................................................................22

Devenpeck v. Alford,
  543 U.S. 146 (2004).................................................................................................................7

Drummond v. Castro,
  522 F. Supp. 2d 667 (S.D.N.Y. 2007)..........................................................................17, 18

Duartes v. Cty. of Nassau,
  No. 07-CV-2929 (JS), 2008 U.S. Dist. LEXIS 131330 (E.D.N.Y. Sept. 30,
  2008) ....................................................................................................................................22

Dwares v. City of New York,
  985 F.2d 94 (2d Cir. 1993)...................................................................................................21

In re Elevator Antitrust Litig.,
  502 F.3d 47 (2d Cir. 2007)....................................................................................................4

Estes-El v. Dumoulin,
  No. 06-CV-2528 (JFB) (WDW), 2011 U.S. Dist. LEXIS 154788 (E.D.N.Y.
  Feb. 9, 2011) ......................................................................................................................14

Feerick v. Sudolnik,
  816 F. Supp. 879 (S.D.N.Y. 1993) ....................................................................................19

Gerbush v. City of New York,
  No. 15-CV-3526 (ALC), 2017 U.S. Dist. LEXIS 222542 (S.D.N.Y. Apr. 3,
  2017) ...................................................................................................................................5, 7

Graham v. Connor,
    490 U.S. 386 (1989).............................................................................................22

Helprin v. Harcourt, Inc.,
    277 F. Supp. 2d 327 (S.D.N.Y. 2003)....................................................................5

Hill v. Colo.,
    530 U.S. 703 (2000)...........................................................................................15

Hygh v. Jacobs,
    961 F.2d 359 (2d Cir. 1992)..................................................................................6

Illinois v. Gates,
    462 U.S. 213 (1983)..............................................................................................6

Jenkins v. City of New York,
    478 F.3d 76 (2d Cir. 2007).............................................................................6, 12

Kisela v. Hughes,
    138 S. Ct. 1148 (2018).......................................................................................12

Lowth v. Town of Cheektowaga,
    82 F.3d 563 (2d Cir. 1996).................................................................................17

Lozada v. Weilminster,
    92 F. Supp. 3d 76 (E.D.N.Y. 2015) ...................................................................22

MacFawn v. Kresler,
    88 N.Y.2d 859 (1996) ........................................................................................16

Marcavage v. City of New York,
    689 F.3d 98 (2d Cir. 2012)...................................................................................6

Martinez v. City of New York,
    No. 12-CV-3806 (BMC), 2012 U.S. Dist. LEXIS 137570 (E.D.N.Y. Sept. 24,
    2012) ..................................................................................................................21

Martinez v. Simonetti,
    202 F.3d 625 (2d Cir. 2000)..................................................................................7

McIver v. N.Y. City Police Dep't,
    No. 18-CV-333 (BMC), 2018 U.S. Dist. LEXIS 153011 (E.D.N.Y. Sept. 5,
    2018) ....................................................................................................................6

McLennon v. City of New York,
    171 F. Supp. 3d 69 (E.D.N.Y. 2016) ....................................................................5

Michigan v. DeFillippo,
443 U.S. 31 (1979)..........7

Mitchell v. Victoria Home,
377 F. Supp. 2d 361 (S.D.N.Y. 2005)..........13

Monell v. Dep't of Social Services,
436 U.S. 658 (1978)..........20, 21, 22

Neal v. Fitzpatrick,
250 F. Supp. 2d 153 (E.D.N.Y. 2003)..........16

New York v. Griepp,
No. 17-CV-3706 (CBA), 2018 U.S. Dist. LEXIS 122169 (E.D.N.Y. July 20, 2018)..........10

Newton v. City of New York,
566 F. Supp. 2d 256 (S.D.N.Y. 2008)..........20

Ninying v. Fire Dep't,
No. 17-CV-688 (LDH), 2019 U.S. Dist. LEXIS 224811 (E.D.N.Y. Mar. 28, 2019), aff'd 2020 U.S. App. LEXIS 12232 (2d Cir. Apr. 17, 2020)..........5

Nunez v. City of New York,
No. 14-CV-04035 (WFK), 2014 U.S. Dist. LEXIS 116136 (E.D.N.Y. Aug. 20, 2014)..........20

Oliveira v. Mayer,
23 F.3d 642 (2d Cir. 1994)..........7

Olmstead v. United States,
277 U.S. 438 (1928)..........15

Oprea v. White,
No. 15-CV-5171 (VSB), 2018 U.S. Dist. LEXIS 52140 (S.D.N.Y. Mar. 28, 2018)..........15

Panetta v. Crowley,
460 F. 3d 388 (2d Cir. 2006)..........7, 8

Pearson v. Callahan,
555 U.S. 223 (2009)..........12

Pembaur v. City of Cincinnati,
475 U.S. 469 (1986)..........20

People v. Bundy,
60 Misc. 3d 518, 77 N.Y.S. 3d 839 (Penfield Town Ct. May 23, 2018)..........16

People v. Carboy (John),
    37 Misc. 3d 83 (2d Dept. 2012) ........................................................................14

People v. Coveney (Mary),
    50 Misc. 3d 1 (2d Dept. 2015) ........................................................................10

People v. Nuccio,
    78 N.Y.2d 102 (1991) ....................................................................................16

People v. Stuart,
    100 N.Y.2d 412, 797 N.E.2d 28, 765 N.Y.S.2d 1 (2003) ......................................10

People v. Young Kahng,
    52 Misc. 3d 1 (2d Dept. 2016) ........................................................................10

Pinter v. City of New York,
    976 F. Supp. 2d 539 (S.D.N.Y. 2013) ................................................................23

Powell v. New York,
    No. 15-CV-3733 (MKB), 2015 U.S. Dist. LEXIS 160567 (E.D.N.Y. Nov. 30,
    2015) ........................................................................................................19

Presopnik v. Whelan,
    249 Fed. Appx. 210 (2d Cir. 2007) ....................................................................23

Ricciuti v. New York City Transit Auth.,
    124 F.3d 123 (2d Cir. 1997) ....................................................................6, 7, 21

Roberts v. Babkiewicz,
    582 F.3d 418 (2d Cir. 2009) .............................................................................4

Russell v. Journal News,
    672 Fed. Appx. 76 (2d Cir. 2016) ....................................................................16

Russell v. Smith,
    68 F.3d 33 (2d Cir. 1995) ...............................................................................16

Segal v. City of New York,
    459 F.3d 207 (2d Cir. 2006) ...........................................................................20

Singer v. Fulton County Sheriff,
    63 F.3d 110 (2d Cir. 1995) ...........................................................................6, 7

Sira v. Morton,
    380 F.3d 57 (2d Cir. 2004) ..............................................................................4

Spagnola v. Chubb Corp.,
    574 F.3d 64 (2d Cir. 2009) ..............................................................................4

Taylor v. Mayone,
    626 F.2d 247 (2d Cir. 1980)........................................................................13

Townsend v. New York,
    No. 14-CV-6079 (CBA), 2015 U.S. Dist. LEXIS 103195 (E.D.N.Y. Aug. 5,
    2015) ..........................................................................................................19

Triano v. Town of Harrison,
    895 F. Supp. 2d 526 (S.D.N.Y. 2012)......................................................20

Velaire v. City of Schenectady,
    862 F. Supp. 774 (N.D.N.Y. 1994)............................................................9

Vogel v. City of New York,
    No. 14 Civ. 9171 (RMB), 2017 U.S. Dist. LEXIS 168092 (S.D.N.Y. Sept. 19,
    2017) ...........................................................................................................9

Weyant v. Okst,
    101 F.3d 845 (2d Cir. 1996).......................................................................6

Williams v. City of New York,
    153 A.D.3d 1301,1305 (2d Dept. 2017) ..................................................13

Ying Jing Gan v. City of New York,
    996 F.2d 522 (2d Cir. 1993).....................................................................19

Zahra v. Town of Southold,
    48 F.3d 674 (2d Cir. 1995).......................................................................21

**Statutes**

U.S. Const. Amend. I .............................................................................. passim

U.S. Const. Amend. IV ..................................................................1, 6, 22, 23

U.S. Const. Amend. VIII .................................................................................24

U.S. Const. Amend. XI ...................................................................................19

U.S. Const. Amend. XIV .........................................................................22, 24

42 U.S.C. § 1983 ..................................................................................... passim

NY PL § 120.45 ........................................................................2, 8, 10, 14

NY PL § 240.25 ........................................................................2, 8, 11, 14

NY PL § 240.26(3) ................................................................................. passim

NY CPL § 100.40 ................................................................................................16, 17

NY CPL § 170.30 ...............................................................................................16, 17

NY CPL § 170.35 ....................................................................................................17

CPLR § 215.............................................................................................................13

**Other Authorities**

Fed. R. Civ. P. 12(b)(6)............................................................................................3

## PRELIMINARY STATEMENT

Plaintiff Esmeralda Cordea ("plaintiff") brings this action pursuant to 42 U.S.C. § 1983 and state common law against defendants City of New York ("City"), New York City Police Department ("NYPD"), Kings County District Attorney's Office ("KCDA"), and Detective Ronald Pereira ("Det. Pereira") (collectively "defendants") alleging, *inter alia*, that she was falsely arrested and maliciously prosecuted for stalking and harassing Nicole Shyti. However, Ms. Shyti's complaints, corroborated by email and text messages from plaintiff, established probable cause to arrest and prosecute plaintiff. Defendants move to dismiss the First Amended Complaint ("FAC") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") on the grounds that: (1) the NYPD is not a suable entity; (2) plaintiff's search and seizure and false arrest claims fail because there was probable cause for plaintiff's arrest; (3) plaintiff's § 1983 freedom of speech claim fails as a matter of law; (4) plaintiff's state law malicious prosecution claim fails because probable cause did not dissipate and because there was no favorable termination of criminal proceedings; (5) plaintiff's § 1983 municipal liability claim fails as a matter of law; (6) plaintiff's § 1983 due process claim fails because it is subsumed by her Fourth Amendment claims; (7) plaintiff's § 1983 equal protection claim is insufficiently pled as a matter of law; and (8) plaintiff's § 1983 cruel and unusual punishment claim fails because she was not a convicted prisoner.

## STATEMENT OF FACTS

On June 20, 2018, Nicole Shyti filed a police report in which she stated that plaintiff, her ex-boyfriend's current wife, sent her "numerous unwanted emails, [facebook] messages and threats to cause harm," which placed her "in fear for her safety." (June 20, 2018 Complaint Report ("6/20/2018 Complaint") annexed to the Declaration of W. KeAupuni Akina dated July 28, 2020 ("Akina Decl.") as Exhibit "A.") A text message dated May 11 (no year is

listed) from plaintiff to Ms. Shyti states "he was only using you to punish me so you mean nothing. Less than nothing you phsyco [sic] bitch." (Text messages annexed to Akina Decl. as Exhibit "B.") Emails dated June 19, 2018 reflect messages sent from plaintiff to Ms. Shyti, wherein plaintiff asked Ms. Shyti about the affair with her husband, and stated "Since you won't respond on any other platform I'll email you here….I'm done with emails and texts to you and your dad provided I get some answers." (Emails annexed to Akina Decl. as Exhibit "C.") Ms. Shyti asked plaintiff to stop contacting her and her family, to which plaintiff replied "Answer my questions and I won't [contact you]." (Id.) These contacts culminated on July 27, 2018, when plaintiff went to Ms. Shyti's home while she was on her front balcony, and yelled, cursed, and threatened her with the following words: "you fucking cunt dont [sic] ignore me bitch" and "come down and face me, I can't promise I will control myself." (FAC ¶ 27; July 27, 2018 Complaint Report ("7/27/2018 Complaint") annexed to Akina Decl. as Exhibit "D"; Criminal Complaint annexed to Akina Decl. as Exhibit "E.") Later that day, Ms. Shyti filed a second police report regarding this encounter with plaintiff. (7/27/2018 Complaint, Akina Decl., Ex. D.) On August 10, 2018, Ms. Shyti provided the above emails and text messages to Det. Pereira. (Follow-up Report annexed to Akina Decl. as Exhibit "F.") On or about August 18, 2018, Det. Pereira attempted to contact plaintiff. (FAC ¶ 22.) On August 28, 2018, plaintiff surrendered at the precinct and was arrested. (FAC ¶ 26.) At the time of her arrest, plaintiff's phone number matched the number that sent the previously referenced text messages to Ms. Shyti. (Text messages, Akina Decl., Ex. B; Arrest Report annexed to Akina Decl. as Exhibit "G.")

KCDA charged plaintiff with two counts of Stalking in the Fourth Degree under New York Penal Law ("PL") §§ 120.45(1) and (2), Harassment in the First Degree under PL § 240.25, and Harassment in the Second Degree under PL § 240.26(3). (Criminal Complaint,

Akina Decl., Ex. E.) Det. Pereira signed the criminal complaint, but all factual allegations were made based on information provided by Ms. Shyti. (Id.) On October 22, 2018, Ms. Shyti signed a corroborating affidavit, in which she swore to the truth of all information furnished by her in the criminal complaint; the affidavit was filed the next day. (Shyti Affidavit annexed to Akina Decl. as Exhibit "H.") During the course of the prosecution, plaintiff provided KCDA with a response to a subpoena for records pertaining to the email address attributed to plaintiff, egcordea@yahoo.com. (FAC ¶¶ 36-37.) The response to the subpoena, dated December 18, 2018, merely stated that the user account "is not a valid Yahoo email address or Yahoo ID *at this time*…" (Subpoena response annexed to Akina Decl. as Exhibit "I") (emphasis added.) Plaintiff subsequently made a motion to dismiss for facial insufficiency. (FAC ¶ 40.) On May 3, 2019, the criminal court granted plaintiff's motion, and dismissed all charges against plaintiff. (FAC ¶ 44.)

## PROCEDURAL HISTORY

In relevant part, on March 2, 2020, plaintiff filed her original complaint. (ECF No. 1.) On July 7, 2020, at an initial conference, "Plaintiff consented to dismiss her claims against the NYPD as they are already properly brought against New York City," and the Court granted her leave to amend her complaint. (ECF Order dated July 7, 2020.) On July 14, 2020, plaintiff filed her FAC, but re-asserted all her claims against the NYPD notwithstanding that the same claims were also made against the City and that plaintiff previously agreed to dismiss her claims against the NYPD. (ECF No. 23.) For the following reasons, defendants now move to dismiss the FAC in its entirety with prejudice.

## STANDARD OF REVIEW

A pleading may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'"

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In considering a motion to dismiss, a district court must "accept as true all factual claims in the complaint, and draw all reasonable inferences in the plaintiff['s] favor." In re Aluminum Warehousing Antitrust Litig., 833 F.3d 151, 157 (2d Cir. 2016). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Iqbal, 556 U.S. at 678. A party's "obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (internal quotations and citations omitted); see also, In re Elevator Antitrust Litig., 502 F.3d 47, 50 (2d Cir. 2007) ("While [Twombly] does not require heightened fact pleading of specifics, it does require enough facts to nudge plaintiff's claims across the line from conceivable to plausible"). A court should therefore dismiss a complaint when it appears that a plaintiff has failed to plead a plausible claim of relief. See Spagnola v. Chubb Corp., 574 F.3d 64, 67 (2d Cir. 2009).

In deciding a motion to dismiss, courts may consider "the complaint, the answer, any written documents attached to them, and any matter of which the court can take judicial notice for the factual background of the case." Roberts v. Babkiewicz, 582 F.3d 418, 419 (2d Cir. 2009). "A complaint is deemed to include any written instrument attached to it as an exhibit, materials incorporated in it by reference, and documents that, although not incorporated by reference, are 'integral' to the complaint." Sira v. Morton, 380 F.3d 57, 67 (2d Cir. 2004) (citations omitted) (quoting Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002)). See also, Abdul-Rahman v. The City of New York, No. 10-CV-2778 (ILG), 2012 U.S. Dist. LEXIS 45653, *6-7 (E.D.N.Y. Mar. 27, 2012) (quoting Sira, 380 F.3d at 67). To be incorporated by reference, the complaint must make a "clear, definite and substantial reference to the

documents." <u>McLennon v. City of New York</u>, 171 F. Supp. 3d 69, 88 (E.D.N.Y. 2016) (quoting <u>Helprin v. Harcourt, Inc.</u>, 277 F. Supp. 2d 327, 330-31 (S.D.N.Y. 2003)).

As an initial matter, the criminal complaint (FAC ¶ 32-33), emails (FAC ¶¶ 33, 41), subpoena response (FAC ¶¶ 36-37), and text messages (FAC ¶ 50) may be considered by the Court as they were incorporated by reference in the FAC. The Court may also consider the arrest report, not for the truth of the matter asserted, but "to determine the information available to the arresting officers at the time." <u>Chevalier v. City of New York</u>, No. 18 Civ. 5048 (CS), 2020 U.S. Dist. LEXIS 67854, at *21 n.12 (S.D.N.Y. Apr. 16, 2020). Similarly, the Court may consider the two complaint reports filed by Ms. Shyti and Det. Pereira's follow-up report to determine what information was available to Det. Pereira at the time of arrest. <u>See</u> <u>Alvarez v. County of Orange</u>, 95 F. Supp. 3d 385, 397 (S.D.N.Y. 2015). The Court may also take judicial notice of the criminal complaint and Ms. Shyti's corroborating affidavit as they are court filings and to demonstrate "the fact that such assertions were made to law enforcement." <u>Gerbush v. City of New York</u>, No. 15-CV-3526 (ALC), 2017 U.S. Dist. LEXIS 222542, at *10-12 (S.D.N.Y. Apr. 3, 2017) (considering complaint reports, arrest report, criminal complaint, and supporting deposition).

Finally, dismissal should be with prejudice where amendment would be futile. <u>See</u> <u>Ninying v. Fire Dep't</u>, No. 17-CV-688 (LDH), 2019 U.S. Dist. LEXIS 224811, at *6 (E.D.N.Y. Mar. 28, 2019), <u>aff'd</u> 2020 U.S. App. LEXIS 12232 (2d Cir. Apr. 17, 2020) (citing <u>Cuoco v. Moritsugu</u>, 222 F.3d 99, 112 (2d Cir. 2000)).

**<u>ARGUMENT</u>**

**<u>POINT I</u>**

**<u>THE NYPD IS NOT A SUABLE ENTITTY</u>**

All claims against the NYPD should be dismissed as it is a non-suable entity. NYC Charter § 396 requires that actions such as this "shall be brought in the name of the city of

New York and not in that of any agency." This section applies to bar lawsuits against the NYPD. See, e.g., Jenkins v. City of New York, 478 F.3d 76, 93 n.19 (2d Cir. 2007); McIver v. N.Y. City Police Dep't, No. 18-CV-333 (BMC), 2018 U.S. Dist. LEXIS 153011, at *3 (E.D.N.Y. Sept. 5, 2018). Therefore, all claims against the NYPD should be dismissed as a matter of law.

## POINT II

### PLAINTIFF'S SEARCH AND SEIZURE AND FALSE ARREST CLAIMS FAIL BECAUSE THERE WAS PROBABLE CAUSE FOR PLAINTIFF'S ARREST

At its core, plaintiff's claims for search and seizure and false arrest hinge upon the existence of probable cause to arrest plaintiff. (FAC ¶¶ 53, 67.) "A § 1983 claim for false arrest, resting on the Fourth Amendment right of an individual to be free from unreasonable seizures, including arrest without probable cause…is substantially the same as a claim for false arrest under New York law." Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996) (internal citation omitted); Singer v. Fulton County Sheriff, 63 F.3d 110, 118 (2d Cir. 1995). "The existence of probable cause to arrest constitutes justification and 'is a complete defense to an action for false arrest . . . .'" Weyant, 101 F.3d at 852 (quoting Bernard v. United States, 25 F.3d 98, 102 (2d Cir. 1994)). Probable cause exists "when the arresting officer has knowledge or reasonably trustworthy information sufficient to warrant a person of reasonable caution in the belief that an offense has been committed by the person to be arrested." Singer, 63 F.3d at 118 (citing Hygh v. Jacobs, 961 F.2d 359, 366 (2d Cir. 1992)); Boyd v. City of New York, 336 F.3d 72, 75 (2d Cir. 2003). Probable cause requires only a probability, not an actual showing, of criminal activity. Illinois v. Gates, 462 U.S. 213, 244 n.13 (1983); Ricciuti v. New York City Transit Auth., 124 F.3d 123, 128 (2d Cir. 1997). A Fourth Amendment claim fails "if there was probable cause to arrest Plaintiffs for any single offense," regardless of what crimes were charged. Marcavage v.

City of New York, 689 F.3d 98, 110 (2d Cir. 2012); see also Devenpeck v. Alford, 543 U.S. 146, 153-56 (2004). Thus, a subsequent acquittal is irrelevant in determining probable cause to arrest. Michigan v. DeFillippo, 443 U.S. 31, 36 (1979).

"[I]t is well-established that a law enforcement official has probable cause to arrest if he received his information from some person, normally the putative victim or eyewitness." Martinez v. Simonetti, 202 F.3d 625, 634 (2d Cir. 2000) (citation omitted); see also Singer, 63 F.3d at 119. "Information about criminal activity provided by a single complainant can establish probable cause when that information is sufficiently reliable and corroborated." Oliveira v. Mayer, 23 F.3d 642, 647 (2d Cir. 1994); see also Corsini v. Bloomberg, 26 F. Supp. 3d 230, 241 (S.D.N.Y. 2014) (finding probable cause for stalking based on victim's complaint). On a motion to dismiss, a court may consider the victim's "supporting affidavit affirming the facts attributed to her in the criminal complaint [as] evidence[ ] that probable cause existed at the time of arrest." Gerbush, 2017 U.S. Dist. LEXIS 222542, at *12.

"[O]nce officers possess facts sufficient to establish probable cause, they are neither required nor allowed to sit as prosecutor, judge or jury. Their function is to apprehend those suspected of wrongdoing, and not to finally determine guilt through a weighing of the evidence." Panetta v. Crowley, 460 F. 3d 388, 396 (2d Cir. 2006). Once probable cause is established, an officer "is not required to explore and eliminate every theoretically plausible claim of innocence before making an arrest." Ricciuti, 124 F.3d at 128. In Chevalier v. City of New York, the "Defendants relied on a victim's complaint that Chevalier had engaged in criminal harassment toward her, which conduct was recorded, and they were entitled to credit the statements made by the purported crime victim." Chevalier, 2020 U.S. Dist. LEXIS 67854, at *21 (internal quotations omitted). Despite plaintiff's asserted First Amendment defense, the

court held that it "[did] not vitiate the probable cause to arrest him." Id. at *20. After establishing

probable cause, "Defendants were not required to credit [plaintiff's] protestations of innocence

or First Amendment protection." Id. at *21 (citing Panetta, 460 F. 3d at 395-96).

A.     Det. Pereira Had Probable Cause to Arrest Plaintiff

Here, plaintiff was arrested and ultimately charged with Stalking in the Fourth

Degree under PL §§ 120.45(1) and (2), Harassment in the First Degree under PL § 240.25, and

Harassment in Second Degree under PL § 240.26(3).[1] (Criminal Complaint, Akina Decl., Ex. E.)

It is apparent from the arrest and complaint reports, the criminal complaint, and Ms. Shyti's

supporting affidavit, that Det. Pereira's information was based entirely on information from Ms.

Shyti. Det. Pereira had access to a June 20, 2018 complaint filed by Ms. Shyti wherein she

reported plaintiff had sent her "numerous unwanted emails, [facebook] messages and threats to

cause harm" which placed her in fear for her safety. (6/20/2018 Complaint, Akina Decl., Ex. A.)

A second report was filed by Ms. Shyti on July 27, 2018 indicating that she walked to the 68

precinct to report that earlier in the day, plaintiff came to her home, and yelled and cursed at her

---

[1] "A person is guilty of stalking in the fourth degree when he or she intentionally, and for no legitimate purpose, engages in a course of conduct directed at a specific person, and knows or reasonably should know that such conduct: 1. Is likely to cause reasonable fear of material harm to the physical health, safety or property of such person, a member of such person's immediate family or a third party with whom such person is acquainted; or 2. Causes material harm to the mental or emotional health of such person, where such conduct consists of following, telephoning or initiating communication or contact with such person, a member of such person's immediate family or a third party with whom such person is acquainted, and the actor was previously clearly informed to cease that conduct." PL §§ 120.45(1) and (2).

"A person is guilty of harassment in the first degree when he or she intentionally and repeatedly harasses another person by … engaging in a course of conduct or by repeatedly committing acts which places such person in reasonable fear of physical injury." PL § 240.25.

"A person is guilty of harassment in the second degree when, with intent to harass, annoy or alarm another person: 3. He or she engages in a course of conduct or repeatedly commits acts which alarm or seriously annoy such other person and which serve no legitimate purpose." PL § 240.26(3).

"you fucking cunt dont [sic] ignore me bitch." (7/27/2018 Complaint, Akina Decl., Ex. D). The emails and text messages referenced in the FAC that were sent from plaintiff to Ms. Shyti were filled with abusive language, including slurs such as "phsyco [sic] bitch." (Text messages, Akina Decl., Ex. B; Emails, Akina Decl., Ex. C.) The emails from plaintiff also indicate that plaintiff contacted both Ms. Shyti and her father; that Ms. Shyti had previously not responded; and contained a threat to continue the harassing contact if Ms. Shyti did not respond to plaintiff despite Ms. Shyti's explicit request to cease contact. (Emails, Akina Decl., Ex. C.) Further corroborating Ms. Shyti's complaints is the fact that plaintiff's phone number at the time of arrest, as indicated on the arrest report, is the same phone number that sent the offending text messages. (Text messages, Akina Decl., Ex. B; Arrest Report, Akina Decl., Ex. G.) Finally, all of the additional allegations in the criminal complaint, including the numerous unwanted email and facebook messages from plaintiff, the incident where plaintiff shouted outside Ms. Shyti's home to "come down here and face [her]," and the fact that plaintiff's conduct caused Ms. Shyti to "fear physical injury and to become alarmed and annoyed" further established probable cause to arrest. (Criminal complaint, Akina Decl., Ex. E.)

Therefore, the totality of the available information provided probable cause to arrest plaintiff for all four of the ultimately charged offenses for stalking and harassment.

B.    The Criminal Court's Decision Does Not Defeat Probable Cause

Plaintiff alleges that her charges were dismissed for facial insufficiency. (FAC ¶ 46.) However, "the ultimate dismissal of the complaint filed against the plaintiff because of its facial insufficiency does not … establish the absence of probable cause." See Vogel v. City of New York, No. 14 Civ. 9171 (RMB), 2017 U.S. Dist. LEXIS 168092, at *16 (S.D.N.Y. Sept. 19, 2017) (quoting Velaire v. City of Schenectady, 862 F. Supp. 774, 780 (N.D.N.Y. 1994)); Davis

v. City of New York, 373 F. Supp. 2d 322, 337, 330-33 (S.D.N.Y. 2015) (conducting probable cause analysis despite a dismissal of the criminal complaint for facial insufficiency). Moreover, the criminal court decision did not address the actual existence of probable cause.

   An element of PL §§ 120.45(1) and (2) and PL § 240.26(3) is a lack of a "legitimate purpose" for plaintiff's actions. The criminal court reasoned that plaintiff's legitimate purpose was "in wanting to confront the plaintiff." (FAC ¶ 46; FAC Ex. A at 5.) However, this does not demonstrate a lack of probable cause as plaintiff's subjective motives are irrelevant to any of the charges. As to PL §§ 120.45(1) and (2), "[t]he Court of Appeals has emphasized that the statutory requirement of intent for this offense was appropriately limited to an intent to engage in a course of conduct targeted at a specific person…[not the] intent to cause a specific result, such as fear." People v. Coveney (Mary), 50 Misc. 3d 1, 6-7 (2d Dept. 2015) (citing People v. Stuart, 100 N.Y.2d 412, 427, 797 N.E.2d 28, 765 N.Y.S.2d 1 (2003)); New York v. Griepp, No. 17-CV-3706 (CBA), 2018 U.S. Dist. LEXIS 122169, at *145-56 (E.D.N.Y. July 20, 2018). As to PL § 240.26(3), subjective intent is irrelevant to the inquiry where there has been an express rejection of communication by the victim. People v. Young Kahng, 52 Misc. 3d 1, 6 (2d Dept. 2016) ("whatever [the criminal] defendant's motives in attempting to communicate with his daughter, they did not legitimize contact that she had expressly rejected"). Here, the information available to Det. Pereira made it clear that plaintiff intended to contact Ms. Shyti.

   The criminal court also found the criminal complaint failed to establish Ms. Shyti's "psychological or emotional well-being or any material harm," which are elements of PL §§ 120.45(1) and (2). (FAC ¶ 47.) However, Ms. Shyti's fear for her and her father's physical safety are established by the criminal complaint, and augmented by the above described facts available to Det. Pereira, which are more expansive than the criminal complaint.

Plaintiff alleges that probable cause did not exist because the statements attributed to her were protected under the First Amendment as per the criminal court. (FAC ¶¶ 50, 66-67.) However, similar to <u>Chevalier</u>, Det. Pereira was under no obligation to investigate that defense theory. Moreover, none of the harassment and stalking charges against plaintiff require specific words as the basis of the charges. In other words, the harassment and stalking charges criminalize conduct, not speech. As discussed <u>infra</u>, while not all speech is protected, even assuming that plaintiff's speech was protected, she could have been arrested based on her persistent, unwanted, and alarming behavior, without regard to the content of her speech.

The criminal court's continued parsing of particular phrases attributed to plaintiff in the criminal complaint also does not defeat PL § 240.25's requirement that plaintiff's actions (not just words) place the victim in "reasonable fear of physical injury." (FAC ¶¶ 48-50.) Notably, the criminal court decision also overlooked the final statement in the criminal complaint attributed to plaintiff – "Come down here and face me. I can't promise I will control myself," which plaintiff shouted outside the victim's residence, and could be interpreted as a threat of violence. (FAC ¶ 33; Criminal Complaint, Akina Decl., Ex. E.) As such, the decision fails to contemplate the totality of the circumstances surrounding the statements. Moreover, none of the other three charges against plaintiff require this element.

Therefore, the criminal court's decision does not defeat probable cause to arrest.

C.    Det. Pereira is Entitled to Qualified Immunity

At the very least, Det. Pereira is entitled to qualified immunity. Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." <u>Ashcroft v. al-Kidd</u>, 563 U.S. 731, 743 (2011). An official is entitled to qualified immunity regardless of whether a government official's error was "a mistake of law, a mistake of fact, or a

mistake based on mixed questions of law and fact." <u>Pearson v. Callahan</u>, 555 U.S. 223, 232 (2009) (citations omitted). The issue of qualified immunity should be resolved "at the earliest possible stage in litigation." <u>Id.</u> at 232. An officer "is entitled to qualified immunity where (1) his conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known, or (2) it was objectively reasonable for him to believe that his actions were lawful at the time of the challenged act." <u>Jenkins v. City of New York</u>, 478 F.3d 76, 78 (2d Cir. 2007) (internal citations and quotation marks omitted). Clearly established law should not be defined at a "high level of generality." <u>Kisela v. Hughes</u>, 138 S. Ct. 1148, 1152 (2018). While "a case directly on point [is not necessary] for a right to be clearly established, existing precedent must have placed the statutory or constitutional question beyond debate." <u>Id.</u>

Here, Det. Pereira was entitled to rely on the complaints and information that Ms. Shyti provided to him. Even if the facts available to Det. Pereira at the time of arrest did not establish particular elements of some of her criminal charges, it was not unreasonable for him to believe such elements were established. Det. Pereira was provided with complaints of repeated unwanted communications to Ms. Shtyi and her family, from plaintiff, despite an explicit request to cease communication, combined with an incident where plaintiff went to Ms. Shyti's home and yelled at her. This was certainly undesirable conduct, which even the criminal court, based on the criminal complaint, conceded was "dangerously close to committing criminal conduct." (FAC Ex. A at 5 n.1.) Based on this information, an officer could have reasonably believed, even if mistakenly, that plaintiff's course of conduct constituted stalking and harassment. Moreover, there does not appear to be any applicable precedent clearly establishing that an arrest under these circumstances was unreasonable. Therefore, Det. Pereira is entitled to qualified immunity.

D.    Plaintiff's State Law False Imprisonment Claim is Barred by the Statute of Limitations

Plaintiff's state law false imprisonment claim is also barred by the statute of limitations. GML § 50-i(1)(c) requires that an "action or special proceeding [against the City of New York] shall be commenced within one year and ninety days after the happening of the event upon which the claim is based." The Second Circuit has interpreted this statute to also apply to lawsuits brought against City employees. Taylor v. Mayone, 626 F.2d 247, 252 (2d Cir. 1980). It has been held that GML § 50-i's limitations period "takes precedence over the one-year period of limitations provided for in CPLR 215" for intentional torts such as false arrest and imprisonment. Williams v. City of New York, 153 A.D.3d 1301,1305 (2d Dept. 2017); but see Canessa v. County of Suffolk, No. 09-CV-3256 (ADS) (ETB), 2010 U.S. Dist. LEXIS 35905, at *4-5 (E.D.N.Y. Apr. 10, 2010) (noting disagreement among courts as to which limitations period applies). A state law claim for false arrest accrues on the date that the initial pre-arraignment confinement ended. See Mitchell v. Victoria Home, 377 F. Supp. 2d 361, 378 (S.D.N.Y. 2005).

Here, plaintiff alleges she was released on her own recognizance after her arraignment on August 29, 2018. (FAC ¶ 31.) However, she filed her initial Complaint more than a year and six months later on March 2, 2020, which is outside both limitations periods. (ECF No. 1.) Accordingly, plaintiff's state law false arrest claim is barred by the statute of limitations.

Therefore, plaintiff's § 1983 claims for unlawful search and seizure and false arrest and state law claim for false arrest should be dismissed.

## POINT III

## PLAINTIFF'S § 1983 FREEDOM OF SPEECH
## CLAIM FAILS AS A MATTER OF LAW

Plaintiff does not challenge the constitutionality of any of the statutes with which she was charged. Nor does she allege retaliation for the exercise of her First Amendment rights.

Rather, she appears to claim that the statements attributed to her in the criminal complaint were protected speech under the First Amendment. (FAC ¶ 41.) This claim fundamentally fails to appreciate the elements of each of the charged offenses. As to the two stalking statutes under PL § 120.45, liability "arises not from the content of any speech but from the defendant's course of conduct which is likely to instill a fear of harm in the target of that conduct." People v. Carboy (John), 37 Misc. 3d 83, 86 (2d Dept. 2012) (citation omitted) ("defendant's right to free speech is permissibly subordinated to the complainant's right to be free of repetitive, unwanted verbal and nonverbal communications"). Similarly, both harassment statutes also proscribe a "course of conduct" as opposed to pure speech. NY PL §§ 240.25 and 240.26(3); see also Estes-El v. Dumoulin, No. 06-CV-2528 (JFB) (WDW), 2011 U.S. Dist. LEXIS 154788, at *22 (E.D.N.Y. Feb. 9, 2011) (holding PL § 240.26(3) was not a constitutional deprivation of free speech rights to the extent it curtailed plaintiff's speech).

Here, it is clear that plaintiff's communications were unwanted, that she persisted in contacting Ms. Shyti against her wishes, and that she came to Ms. Shyti's home and made threatening remarks. Simply put, plaintiff's course of conduct, not just the content of her speech, constituted stalking and harassment. Plaintiff's FAC fails to allege facts, which if true, demonstrate that her First Amendment rights were infringed separate and apart from her criminal conduct that constituted stalking and harassment.

Even assuming that plaintiff's First Amendment rights were violated, Det. Pereira is entitled to qualified immunity as it was not clearly established law that such activities were protected under the First Amendment. "A right is clearly established if (1) the law is defined with reasonable clarity, (2) the Supreme Court or the Second Circuit has recognized the right, and (3) a reasonable defendant [would] have understood from the existing law that [his] conduct

-14-

was unlawful." Anderson v. Recore, 317 F.3d 194, 197 (2d Cir. 2003). "[T]he protection afforded to offensive messages does not always embrace offensive speech that is so intrusive that the unwilling audience cannot avoid it." Hill v. Colo., 530 U.S. 703, 716 (2000). "The unwilling listener's interest in avoiding unwanted communication has been repeatedly identified in [Supreme Court] cases." Id. This is recognized as part of one's "right to be let alone" which is "the most comprehensive of rights and the right most valued by civilized men." Id. (quoting Olmstead v. United States, 277 U.S. 438, 478 (1928)). For example, in Oprea v. White, the court found qualified immunity existed for harassment under PL § 240.26(3) where plaintiff was engaged in First Amendment protected protest activities, but his separate actions during those activities "serve[d] no legitimate purpose." Oprea v. White, No. 15-CV-5171 (VSB), 2018 U.S. Dist. LEXIS 52140, at *12 (S.D.N.Y. Mar. 28, 2018). Thus, the mere existence of protected speech is not an absolute shield from arrest. Similarly, it was reasonable to believe that plaintiff had violated the harassment and stalking statutes, even if her speech was protected, because her conduct was still repeated, unwelcomed, and physically threatening. Accordingly, Det. Pereira is entitled to qualified immunity.

Therefore, plaintiff's First Amendment claim should be dismissed.

### POINT IV

**PLAINTIFF'S STATE LAW MALICIOUS PROSECUTION CLAIM FAILS BECAUSE PROBABLE CAUSE DID NOT DISSIPATE AND BECAUSE THERE WAS NO FAVORABLE TERMINATION OF CRIMINAL PROCEEDINGS**

Plaintiff's malicious prosecution claim appears to only be raised under state law. In order to state a claim for malicious prosecution, a plaintiff must show "(1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in

plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions." Russell v. Smith, 68 F.3d 33, 36 (2d Cir. 1995); see Broughton v. State, 37 N.Y.2d 451, 458, cert. denied, 423 U.S. 929 (1975).

A.    Plaintiff's Prosecution Did Not Result in a Favorable Termination

Under state law, a dismissal of criminal charges is a favorable termination where it is "not inconsistent with … innocence." Cantalino v. Danner, 96 N.Y.2d 391, 395 (2001). Under state law, a dismissal of charges without prejudice for facial insufficiency is not a favorable termination, even if the prosecution failed to re-file charges before the expiration of the speedy trial clock. See Russell v. Journal News, 672 Fed. Appx. 76, 78-79 (2d Cir. 2016). A dismissal for facial insufficiency pursuant to CPL § 170.30 is "not a decision on the merits, an essential element of a cause of action for malicious prosecution." Breen v. Garrison, 169 F.3d 152, 153 (2d Cir. 1999). "[A] dismissal for facial insufficiency must always be without prejudice to refile" charges. People v. Bundy, 60 Misc. 3d 518, 520, 77 N.Y.S. 3d 839, 841 (Penfield Town Ct. May 23, 2018). The Court of Appeals explained that "[t]he short answer to whether prosecution can be renewed on a facially sufficient information following [a dismissal for facial insufficiency] is that it may because the Criminal Procedure Law does not prohibit it." People v. Nuccio, 78 N.Y.2d 102, 104 (1991); see also MacFawn v. Kresler, 88 N.Y.2d 859, 860 (1996); Neal v. Fitzpatrick, 250 F. Supp. 2d 153, 155 (E.D.N.Y. 2003). Such a dismissal is considered a disposition on procedural grounds, not the merits. MacFawn, 88 N.Y.2d at 860. This is because "the question of plaintiff's guilt or innocence remain[s] unanswered after the court dismiss[es] the information." Id.

Here, plaintiff alleges that her criminal charges were dismissed for facial insufficiency pursuant to CPL § 100.40. (FAC ¶ 51.) However, the criminal court's written

decision granted plaintiff's motion, which was made pursuant to "CPL § 100.40 and CPL § 170.30."[2] (FAC, Ex. A.) The criminal court did not reach a decision on the merits as it did not opine as to plaintiff's guilt or innocence. (Id.) Plaintiff implicitly acknowledges dismissal was without prejudice by alleging that following dismissal "the defendants herein have not amended nor refiled the information [nor] submitted further documentary or testimonial evidence to the Court." (FAC ¶ 51.) Thus, it is beyond dispute that plaintiff's dismissal was without prejudice, not on the merits, and therefore cannot be a favorable termination under state law.

B.    Probable Cause Did Not Dissipate

"For malicious prosecution purposes, 'the determination of probable cause is assessed in light of the facts known or reasonably believed at the time the prosecution was initiated, as opposed to at the time of arrest.'" Drummond v. Castro, 522 F. Supp. 2d 667, 677-78 (S.D.N.Y. 2007) (quoting Carson v. Lewis, 35 F. Supp. 2d 250, 263 (E.D.N.Y. 1999)). After a finding of probable cause, "in order to prevail on his malicious prosecution claim, Plaintiff must show that the discovery of some intervening fact made the probable cause 'dissipate' between the time of the arrest and the commencement of the prosecution." Keith v. City of New York, 2014 U.S. Dist. LEXIS 166469, at *59 (S.D.N.Y. Dec. 1, 2014) (citing Lowth v. Town of Cheektowaga, 82 F.3d 563, 571 (2d Cir. 1996)).

As discussed supra, probable cause, or at least arguable probable cause, to arrest existed. Probable cause did not dissipate for several reasons. First, plaintiff's FAC fails to allege

_____

[2] A motion for facial insufficiency is in reality a motion pursuant to CPL §§ 100.40, 170.30, and 170.35. CPL § 170.30(1)(a) permits, after arraignment, a motion to "dismiss such instrument or any count thereof upon the ground that: (a) It is defective, within the meaning of section 170.35." CPL § 170.35(1)(a) states that a complaint "is defective within the meaning of paragraph (a) of subdivision one of section 170.30 when: (a) It is not sufficient on its face pursuant to the requirements of section 100.40…" CPL § 100.40 defines the statutory requirements for facial sufficiency of an accusatory instrument.

the discovery of any new facts from the time of plaintiff's arrest until the initiation of her prosecution when she was arraigned the following day. The FAC also does not allege any further involvement or actions by Det. Pereira, or that he subsequently became aware of any new information. Second, after the prosecution initiated, Ms. Shyti signed a supporting affidavit affirming that all of the factual allegations attributed to her by Det. Pereira in the criminal complaint were true. (Shyti Affidavit, Akina Decl., Ex. H.) Third, the subpoena response that plaintiff claims proved the underlying email address attributed to her was not a valid account was not actual proof of innocence or impossibility. (FAC ¶¶ 35-37, 39.) The actual "proof" that plaintiff submitted to KCDA (and not to Det. Pereira), consisted of a letter from the email service provider, dated December 18, 2018, stating that the email address "…is not a valid Yahoo email address or Yahoo ID *at this time...*" (Subpoena response, Akina Decl., Ex. I) (emphasis added). No reference was made to the date the unwanted emails were actually sent, and the December 18, 2018 subpoena response was sent nearly four months after plaintiff's August 28, 2018 arrest. Thus, this letter had no bearing on whether that email address was valid at the time the unwanted emails were sent. Instead, this response could infer that plaintiff had subsequently disabled or canceled her email account in an effort to avoid criminal liability. Even if the email address was proven to be fraudulent, this information was provided to the prosecutor on December 18, 2018, well after the initiation of prosecution (FAC ¶ 37), and prosecution would still have been independently supported by Ms. Shyti's complaints, the text messages that matched plaintiff's phone number, and her in person visit to Ms. Shyti's home.

     C.    <u>Plaintiff Fails to Allege Actual Malice</u>

       Plaintiff also fails to allege any facts establishing actual malice, any other improper motivation on the part of defendants, or even a fabrication by the defendants. For these

reasons, plaintiff has failed to allege facts showing that probable cause dissipated.

      D.     <u>KCDA is Immune From Suit and is a Non-Suable Entity</u>

The only claim against KCDA is for malicious prosecution. (FAC ¶ 73.) Where a prosecutor's office makes decisions whether to prosecute, "it is acting in a quasi-judicial capacity and thus is representing the state, not the county" and is entitled to Eleventh Amendment immunity from suit. <u>Feerick v. Sudolnik</u>, 816 F. Supp. 879, 887 (S.D.N.Y. 1993) (citations omitted) (dismissing claims against the Manhattan District Attorney's Office). This Court recently applied Eleventh Amendment immunity to KCDA. <u>Carthen v. Gonzalez</u>, No. 19-CV-6392 (BMC), 2020 U.S. Dist. LEXIS 11564, at *4-5 (E.D.N.Y. Jan. 22, 2020) (citing <u>Ying Jing Gan v. City of New York</u>, 996 F.2d 522, 535 (2d Cir. 1993)); <u>see also Townsend v. New York</u>, No. 14-CV-6079 (CBA), 2015 U.S. Dist. LEXIS 103195, at *5 (E.D.N.Y. Aug. 5, 2015). Similarly, a prosecutor's office is also entitled to absolute prosecutorial immunity. <u>See Arum v. Miller</u>, 331 F. Supp. 2d 99, 112 (E.D.N.Y. 2004) (citing <u>Barrett v. United States</u>, 798 F.2d 565, 571-72 (2d Cir. 1986)). Finally, the "District Attorney's Office is a non-suable entity lacking any distinct legal existence from the District Attorney." <u>Powell v. New York</u>, No. 15-CV-3733 (MKB), 2015 U.S. Dist. LEXIS 160567, at *5-6 (E.D.N.Y. Nov. 30, 2015) (dismissing claims against KCDA); <u>see also Barreto v. County of Suffolk</u>, 455 Fed. Appx. 74, 76 (2d Cir. 2012).

Here, the only claim against KCDA is for malicious prosecution based on its decision to prosecute plaintiff. (FAC ¶ 73.) Accordingly, KCDA is immune from suit and incapable of being sued.

Therefore, plaintiff's malicious prosecution claim should be dismissed.

<div align="center"><b><u>POINT V</u></b></div>

<div align="center"><b>PLAINTIFF'S § 1983 MUNICIPAL LIABILITY<br><u>CLAIM FAILS AS A MATTER OF LAW</u></b></div>

Municipal liability under § 1983 exists "only where the municipality itself causes the constitutional violation at issue." City of Canton v. Harris, 489 U.S. 378, 385 (1989); see also City of Oklahoma City v. Tuttle, 471 U.S. 808, 810 (1985); see also Monell v. Dep't of Social Services, 436 U.S. 658, 691 (1978) (municipal liability exists only where "action pursuant to official municipal policy of some nature caused a constitutional tort"). A municipality cannot be held vicariously liable under § 1983 for constitutional torts committed by its employees. Monell, 436 U.S. at 694. Liability can be established by alleging: (1) a formal policy, promulgated or adopted by the City, id. at 690; (2) that an official with policymaking authority took action or made a specific decision which caused the alleged violation of constitutional rights, Pembaur v. City of Cincinnati, 475 U.S. 469, 483-84 (1986); (3) the existence of an unlawful practice by subordinate officials was so permanent or well settled so as to constitute a "custom or usage" and that the practice was so widespread as to imply the constructive acquiescence of policymaking officials, City of St. Louis v. Praprotnik, 485 U.S. 112, 127 (1988); or (4) a failure to train or supervise that amounted to "deliberate indifference" to the rights of those with whom the municipality's employees interacted. City of Canton, 489 U.S. at 388. Monell liability cannot exist where there is no underlying constitutional violation. See Bolden v. County of Sullivan, 523 Fed. Appx. 832, 834 (2d Cir. 2013); Segal v. City of New York, 459 F.3d 207, 219 (2d Cir. 2006); Claudio v. Sawyer, 675 F. Supp. 2d 403, 408 (S.D.N.Y. 2009).

"It is well settled that 'a custom or policy cannot be shown by pointing to a single instance of unconstitutional conduct by a mere employee of the [government].'" Triano v. Town of Harrison, 895 F. Supp. 2d 526, 538 (S.D.N.Y. 2012) (quoting Newton v. City of New York, 566 F. Supp. 2d 256, 271 (S.D.N.Y. 2008)). A single isolated incident of an alleged violation of constitutional rights is insufficient to support a claim for municipal liability. Nunez v. City of

New York, No. 14-CV-04035 (WFK), 2014 U.S. Dist. LEXIS 116136, at *4 (E.D.N.Y. Aug. 20, 2014) (citing Tuttle, 471 U.S. at 823). "The mere assertion . . . that a municipality has such a custom or policy is insufficient in the absence of allegations of fact tending to support, at least circumstantially, such an inference." Zahra v. Town of Southold, 48 F.3d 674, 685 (2d Cir. 1995) (internal citation omitted). Courts, including this one, have held that allegations of "a single incident" involving "only actors below the policy-making level" are insufficient as a matter of law. Ricciuti, 941 F.2d at 123; Martinez v. City of New York, No. 12-CV-3806 (BMC), 2012 U.S. Dist. LEXIS 137570, at *9 (E.D.N.Y. Sept. 24, 2012).

Here, plaintiff's Monell claim is against the City and NYPD, to the exclusion of KCDA. (FAC ¶¶ 63, 69.) There can be no Monell liability because, as discussed supra, Det. Pereira had probable cause or at least arguable probable cause to arrest plaintiff. Additionally, plaintiff fails to adequately plead the existence of an actionable policy or practice. Plaintiff alleges two policies, customs, or practices: (1) "violating constitutional rights of its citizens, which caused…improper holding, imprisoning, and/or detaining individuals without probable cause and justification" (id. ¶ 63); and (2) "charging, arrest and detention for those allegations involving a complaining witness, regardless of the content of the speech, frivolity of the accusations and/or credibility of the witness" (id. ¶ 69). "However, mere assertions that a municipality has a custom or policy of violating constitutional rights are insufficient to state a Section 1983 claim 'in the absence of allegations of fact tending to support, at least circumstantially, such an inference.'" Davis v. County of Nassau, 355 F. Supp. 2d 668, 678 (E.D.N.Y. 2005) (quoting Dwares v. City of New York, 985 F.2d 94, 100 (2d Cir. 1993)). As to plaintiff's second alleged policy or practice, the allegations in the FAC as to the underlying incident are not consistent with such a claim as plaintiff fails to allege facts showing that Det.

-21-

Pereira arrested her "regardless of the content of [her] speech," or that prior to arrest, Det. Pereira was aware of any reason to doubt Ms. Shyti's complaints, especially in light of corroborating email and text messages.

Plaintiff alleges, at most, a "boilerplate recitation of the elements" of her claim. Dayton v. City of Middletown, 786 F. Supp. 2d 809, 823 (S.D.N.Y. 2011). Plaintiff fails to identify an officially enacted policy, a specific policymaker, a specific decision by a policymaker, or any incidents beyond her own that would give rise to the existence of a "custom" or "practice." Plaintiff also does not pursue municipal liability based on a failure to train theory of deliberate indifference. In short, plaintiff's allegations are entirely conclusory.

Therefore, plaintiff's Monell claim should be dismissed as a matter of law.

## POINT VI

### PLAINTIFF'S § 1983 DUE PROCESS CLAIM FAILS BECAUSE IT IS SUBSUMED BY HER FOURTH AMENDMENT CLAIMS

To the extent plaintiff raises a due process claim under the Fourteenth Amendment (FAC ¶ 66), it is subsumed by her Fourth Amendment claims that target the same underlying conduct. "Where a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing' such a claim." Albright v. Oliver, 510 U.S. 266, 273 (1994) (quoting Graham v. Connor, 490 U.S. 386, 395 (1989)). Where plaintiff's Fourteenth Amendment due process claim sounds in false arrest it is properly analyzed under the Fourth Amendment. See Lozada v. Weilminster, 92 F. Supp. 3d 76, 98 (E.D.N.Y. 2015); Duartes v. Cty. of Nassau, No. 07-CV-2929 (JS), 2008 U.S. Dist. LEXIS 131330, at *6 (E.D.N.Y. Sept. 30, 2008). Here, plaintiff's generalized due process claim

is subsumed by her more specific Fourth Amendment claim of unreasonable search and seizure and false arrest and should therefore be dismissed as a matter of law.

## POINT VII

### PLAINTIFF'S § 1983 EQUAL PROTECTION CLAIM IS INSUFFICIENTLY PLED AS A MATTER OF LAW

Plaintiff's reference to the Fourteenth Amendment's equal protection clause fails to establish any element of the claim. (FAC ¶ 66.) "A plaintiff must show (1) that they were treated differently from other similarly situated individuals, and (2) that such differential treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person." Pinter v. City of New York, 976 F. Supp. 2d 539, 5666 (S.D.N.Y. 2013) (internal citations and quotations omitted). A plaintiff may proceed as a "class of one" or under the theory of "selective enforcement." Bartels v. Inv. Vill. of Lloyd Harbor, 97 F. Supp. 3d 198, 217 (E.D.N.Y. 2015) (citations omitted). "To succeed on a class of one equal protection theory, 'the plaintiff must demonstrate that he was treated differently from someone who is prima facie identical in all relevant respects.'" Id. (quoting Presopnik v. Whelan, 249 Fed. Appx. 210, 213 (2d Cir. 2007)).

Here, plaintiff simply fails to support this claim with any factual allegations. She fails to identify a similarly situated group who was treated differently, fails to allege differential treatment, and fails to even suggest selective enforcement. Therefore, plaintiff's equal protection claim should be dismissed as a matter of law.

## POINT VIII

### PLAINTIFF'S § 1983 CRUEL AND UNUSUAL PUNISHMENT CLAIM FAILS BECAUSE SHE WAS NOT A CONVICTED PRISONER

Plaintiff's § 1983 claim under the Eighth Amendment's proscription of cruel and unusual punishment is misplaced. (FAC ¶ 66.) The Eighth Amendment's protection only applies to convicted inmates. See Best v. New York City Dep't of Corr., 14 F. Supp. 3d 341, 355 (S.D.N.Y. 2014) (collecting cases). While a pre-trial detainee, such as plaintiff here, might be able to raise a similar claim challenging her conditions of confinement, plaintiff's FAC does not challenge the conditions of her confinement. See Cuoco v. Moritsugu, 222 F.3d 99, 106 (2d Cir. 2000) ("We have often applied the Eighth Amendment deliberate indifference test to pre-trial detainees bringing actions under the Due Process Clause of the Fourteenth Amendment.") Instead, plaintiff specifies her Eighth Amendment claim as one for "wrongful incarceration," which is more accurately captured by the Fourth Amendment's protection against unreasonable seizure. (FAC ¶ 66.) Accordingly, the Eighth Amendment is inapplicable to plaintiff's situation and the claim should be dismissed.

To the extent the Court construes plaintiff's FAC as challenging the conditions of her confinement under the Fourteenth Amendment as a pre-trial detainee, plaintiff also fails to sufficiently plead this claim. A plaintiff must allege that "(1) the challenged conditions were sufficiently serious to constitute an objective deprivation of the right to due process"; and (2) "the defendant-official acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." Darnell v. Pineiro, 849 F.3d 17, 29, 35 (2d Cir. 2017). There is also no enforceable Fourteenth Amendment right to be placed in a particular housing assignment. See Corley v. City of New York, No. 14-CV-3202 (GHW), 2015 U.S Dist. LEXIS 135362, at *22 (S.D.N.Y. Sept. 30, 2015) (dismissing claim based on a transfer to a different housing facility);

see also Cooper v. City of New York, No. 13-CV-7590 (PKC), 2014 U.S. Dist. LEXIS 148107, at *11 (S.D.N.Y. Oct. 16, 2014) (dismissing claim where plaintiff alleged being misclassified as a gang member and was subsequently transferred to a housing unit with rival gang members).

Here, plaintiff does not meet either prong of a deliberate indifference challenge to her conditions of confinement. The only reference in the FAC to plaintiff's confinement was that she "was housed with drug addicts, violent offenders and repeat offenders." (FAC ¶ 30.) No resulting harm or risk to health or safety are alleged. Moreover, the assertion is conclusory as a matter of law, since at the pre-arraignment stage, plaintiff, like any other detainee she was housed with, was presumed innocent under the law as to her respective criminal charges.

Therefore, plaintiff's cruel and unusual punishment claim should be dismissed.

## CONCLUSION

For the foregoing reasons, defendants respectfully request that the Court grant their motion to dismiss the First Amended Complaint in its entirety, with prejudice, together with such other and further relief as the Court deems just and proper.

Dated:       New York, New York
             July 28, 2020

                               JAMES E. JOHNSON
                               Corporation Counsel of the
                                 City of New York
                               *Attorney for Defendants City, NYPD, KCDA, and Pereira*
                               100 Church Street
                               New York, New York 10007
                               Tel: (212) 356-2377
                               wakina@law.nyc.gov


                        By:    _____/s/ W. KeAupuni Akina_____
                               W. KeAupuni Akina
                               *Senior Counsel*

cc:    Shaun Gregory White, Esq. (via ECF)
       SLATER, SGARLATO & CAPPELLO, P.C.
       *Attorney for Plaintiff*